Filed 10/16/20  P. v. Locke CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>BENNIE TYRONE LOCKE,<br><br>     Defendant and Appellant. | B305574<br><br>(Los Angeles County Super. Ct. No. MA077072) |

APPEAL from an order of the Superior Court of Los Angeles County, Shannon Knight, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

Defendant and appellant Bennie Tyrone Locke appeals from a probation revocation order.  We affirm the order.

In September 2019, defendant pled no contest to a felony charge of willfully inflicting corporal injury on his girlfriend (victim) within seven years of a prior conviction for a similar offense (Pen. Code, § 273.5, subd. (f)(1)).[1]  The trial court suspended the imposition of sentence and placed defendant on formal probation for five years, subject to terms and conditions, including a 10-year criminal protective order providing defendant not associate with, and stay 100 yards away from, victim.

On November 13, 2019, defendant was charged in a new case, which initiated probation revocation proceedings.  A formal revocation hearing was held on January 31, 2020.  Los Angeles County Deputy Sheriff William Justice testified that victim called the police to say that she had a restraining order against her former boyfriend and he was attempting to enter her residence.  Deputy Justice arrived around 1:00 a.m. on November 10, 2019, saw defendant on the sidewalk walking away from victim's address, and detained him.  Defendant spontaneously stated that he was just there trying to talk to his girlfriend.  Deputy Justice could see victim in her doorway, approximately 50 yards away from where defendant was located when Deputy Justice first saw him.  Deputy Justice spoke to victim and verified her identity against her I.D. card.  The court took judicial notice

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

of the protective order filed in September 2019. Defendant submitted on the People's evidence.

The trial court found defendant was in violation of his probation for violating the criminal protective order. The court reviewed defendant's criminal history, which included multiple prior criminal convictions and probation violations. The court noted specifically that defendant was previously convicted of misdemeanor domestic violence and was on probation in that case at the time he committed the section 273.5, subdivision (f)(1) violation at issue here. Defendant requested to be placed in a drug court or program as an alternative to incarceration. The court revoked probation and imposed the upper terms of five-years in state prison. (§ 273.5, subd. (f)(1).) The court awarded 101 days of actual credit, plus 100 days good time/work time credit. The court imposed fines and fees and reaffirmed the criminal protective order. Defendant timely appealed.

Defendant's appointed appellate counsel filed a brief in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues but requesting that this court independently review the entire record to determine if there are any arguable issues. Defendant was advised of his right to file a supplemental letter brief.

On June 29, 2020, defendant filed his supplemental brief.

We have examined each of defendant's contentions and find they without merit. We have completed our independent review of the record and are satisfied that

defendant's appointed appellate counsel fully complied with his responsibilities and no arguable issues exist on appeal. (*Wende, supra,* 25 Cal.3d at p. 441.)  Accordingly, we affirm the probation revocation order.

The probation revocation order is affirmed.


MOOR, J.

We concur:



RUBIN, P. J.



KIM, J.